Dear Mr. Sanders:
You advise this office that the District Attorney's Office would like to appoint the elected Marshal of the City of Winnfield as a part-time investigator. You ask if an individual may hold both positions simultaneously.
District Attorneys are authorized by the constitution and laws of this state to select assistants and other personnel. See LSA-Const. Art. V, § 26 (1974) and R.S. 16:1. Pursuant to R.S.16:13, investigators may be appointed as follows:
 A. Each district attorney of this state is hereby authorized to employ one special investigator in addition to any others previously authorized by law, to be know by the title of `District Attorneys' Investigator'.
 B. The special investigator shall receive an annual salary payable by the state, of six thousand dollars. In addition, the governing authorities of the parish or parishes comprising any judicial district may provide and pay an additional compensation to these investigators.
 C. No district attorney shall employ a special investigator as authorized by this section until and unless the funds to pay the state's portion of the salaries of such special investigators area appropriated or otherwise made available therefore.
Investigators of the district attorneys' offices are peace officers, as follows:
 The investigators of the district attorneys' offices shall be peace officers with all privileges, immunities, and defenses accorded to peace officers, except that they shall have the same territorial jurisdiction as the district attorney for whom they work. Notwithstanding any other provisions of law to the contrary, investigators of a district attorney's office shall not receive state supplemental pay. R.S. 16:13.1.
Because of R.S. 16:13, it is our opinion that the position of "District Attorneys' Investigator" is an appointed position, as defined in R.S. 42:62(2):
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed pubic official or by a governmental body composed of such officials of this state or of a political subdivision thereof. (Emphasis added).
The individual who is the subject of your inquiry serves as the elected marshal for the City of Winnfield. The city is governed by the Lawrason Act, R.S. 33:61, et seq., which provides pertinently at R.S. 33:381.1:
 The marshal who is the chief of police in such municipalities shall be elected at large, provided that, notwithstanding any other provisions of law to the contrary, a majority of the qualified electors voting therein may, at a special election called by the board of aldermen for that purpose, authorize the mayor to thereafter appoint a marshal with the approval of the board of aldermen. . . .
R.S. 42:63(D) of Louisiana's Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq., does not prohibit a person from holding an elective office in a political subdivision of this state and at the same time a part-time appointive office in the government of a political subdivision, as follows:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . R.S. 42:63(D)
Under the definition of "political subdivision" in R.S.42:62(9), the district attorneys and all other elected parochial officials are separate political subdivisions for the purposes of Louisiana's dual officeholding and dual employment laws. Furthermore, "part-time" is defined as less than seven hours per day of work and less than thirty-five hours per week of work.
Thus, while the law would prohibit one from holding local elective office and a full-time appointive office, the law does not prohibit one from holding local elective office and part-time appointive office. Because the position of investigator will be held on a part-time basis, the prohibitions of R.S. 42:63(D) quoted above are inapplicable.
It is the opinion of this office that the elected marshal of the City of Winnfield is not prohibited from serving as an investigator for the District Attorney's office on a part-time basis.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL